IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RUBY J. BUSH                                                                                       PLAINTIFF

vs.                                                     Civil No. 04-1127

JO ANNE B. BARNHART,
Commissioner, Social Security Administration                                                       DEFENDANT

**MEMORANDUM OPINION**

**Factual and Procedural Background:**

Ruby J. Bush (hereinafter "Plaintiff"), has appealed the final decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying her claims for a period of disability and disability insurance benefits (hereinafter "DIB"), pursuant to *§§ 216(i) and 223* of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i) and 423*, and for supplemental security income (hereinafter "SSI") benefits, pursuant to *§ 1602* of Title XVI*, 42 U.S.C. § 1381a*. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *42 U.S.C. § 405(g)*.

Each party has filed an appeal brief (Doc. #12 & 13). The history of the administrative proceedings is contained in the respective appeal briefs and will not be recited herein, except as is necessary.

The DIB and SSI[1] applications now before the undersigned was filed on April 7, 1999 (T. 51). Said applications allege an onset date of May 22, 1998 (T. 51).

---

[1] The SSI application was "not available for inclusion" in the administrative record (T. 3, 7).

AO72A
(Rev. 8/82)

Plaintiff alleges that she is disabled due to: lumbar injury post motor vehicle accident; moderate disc herniation at L5-S1 with impingement on the left nerve root; mild annular bulges at L3-4 and L4-5; mild facet disease at L5-S1; asthma; muscle spasms; pain; shortness of breath; numbness; arthritis; sensitivity to fumes; sensitivity to cold weather; dizziness; headaches; hypertension; and, myelopathy[2]. The issue before this Court is whether the decision of the Commissioner is supported by substantial record evidence.

Plaintiff, whose date of birth is July 23, 1963, was 38 years of age at the time of the administrative hearing (T. 401). Plaintiff has a 12th grade education (T. 401). Plaintiff previously worked as a materials handler in a factory/processing plant; short order cook; and, woodworker (T. 426-429).

The Social Security Administration denied plaintiff's application initially and on reconsideration. She then requested and received a hearing on June 28, 2000, before an unnamed Administrative Law Judge (hereinafter "ALJ")(T. 380). Plaintiff's first administrative hearing was conducted on June 28, 2000 (T. 380). Following the first hearing, Plaintiff was awarded a partially favorable decision on July 24, 2000 (T. 191-199) in a decision authored by ALJ Wendell Fowler. Plaintiff then sought review by the appeals counsel. The appeals council was unable to determine their position on review because the audio tape of the administrative hearing could not be located (T. 203). On March 14, 2002, the Appeals Council entered an order remanding Plaintiff's case to an ALJ (T. 203-205).

Plaintiff's subsequent administrative hearing was conducted on May 29, 2002, by ALJ

---

[2]Myelopathy is defined as a general term denoting functional disturbances and/or pathological changes in the spinal cord. *Dorland's Illustrated Medical Dictionary*, pp. 1088 (27th Edition 1988).

Wendell C. Fowler (T. 396-432). The second decision was also a partially favorable decision which was rendered on August 15, 2002, by ALJ David Manley[3] (T. 18-25). Plaintiff again sought the review of the Appeals Council and provided a significant amount of additional evidence for review by the Appeals Council (T. 8-11, 328-379). Although the appeals counsel considered the additional evidence submitted by Plaintiff, her request for review was denied by the Appeals Council on December 4, 2004 (T. 8-11), thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision (Doc. #1). The matter is before the undersigned by consent of the parties (Doc. #4).

**Applicable Law:**

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000); see also Craig v. Apfel 212 F.3d 433, 435-436 (8th Cir. 2000).* Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion. *See Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999).* In considering whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See Prosch, 201 F.3d at 1012.* We may not reverse the Commissioner's decision merely because substantial evidence exists in the record that would have supported a contrary outcome. *See id.*

However, the Court may not reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala, 3 F.3d*

---

[3] ALJ Manley was not present at the administrative hearing, yet he wrote the decision. ALJ Fowler conducted the second administrative hearing, yet he did not made the final decision in this case.

-3-

1210, 1213 (8th Cir. 1993). Even if this Court might have weighed the evidence differently, the decision of the ALJ may not be reversed if there is enough evidence in the record to support the decision. *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992). And, it is well settled that proof of a disabling impairment must be supported by at least some objective medical evidence. *Marolf v. Sullivan*, 981 F.2d 976, 978 (8th Cir.1992).

The Commissioner has established, by regulation, a five-step sequential evaluation for determining whether an individual is disabled.

The first step involves a determination of whether the claimant is involved in substantial gainful activity. *20 C.F.R. § 416.920(b)*. If the claimant is so involved, benefits are denied; if not, the evaluation goes to the next step.

Step two involves a determination, based solely on the medical evidence, of whether claimant has a severe impairment or combination of impairments. *Id., § 416.920(c); see 20 C.F.R. § 416.926*. If not, benefits are denied; if so, the evaluation proceeds to the next step.

The third step involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id., § 416.920(d)*. If so, benefits are awarded; if not, the evaluation continues.

Step four involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id., § 416.920(e)*. If so, benefits are denied; if not, the evaluation continues.

The fifth step involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given the claimant's age, education and work experience. *Id., § 404.920(f)*. If so, benefits are denied; if not, benefits are awarded.

AO72A
(Rev. 8/82)

In addition, whenever adult claimants allege mental impairment, the application of a special technique must be followed at each level of the administrative review process. See *20 C.F.R. § 416.920a(a)*.

The Commissioner is then charged with rating the degree of functional limitation, and applying the technique to evaluate mental impairments. See *20 C.F.R. § 416.920a(d)*. Application of the technique must be documented by the Commissioner at the ALJ hearing and Appeals Council levels. See *20 C.F.R. § 416.920a(e)*.

In cases involving the submission of supplemental evidence subsequent to the ALJ's decision, the record includes that evidence submitted after the hearing and considered by the Appeals Council. See *Jenkins v. Apfel, 196 F.3d 922, 924 (8th Cir.1999) (citing Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994))*. Thus, in situations such as the present, this court's role is to determine whether the ALJ's decision "is supported by substantial evidence on the record as a whole, including the new evidence submitted after the ALJ's determination was made." *Riley v. Shalala, 18 F.3d at 622*. In practice, this requires a decision as to how the ALJ would have weighed the new evidence had it existed at the initial hearing. *See id.* As the United States Court of Appeals for the Eighth Circuit has often noted, "this [is] a peculiar task for a reviewing court." *Id.* Critically, however, this court may not reverse the decision of the ALJ merely because substantial evidence may allow for a contrary decision. *See Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir.1993)*. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. *Flynn v. Chater, 107 F.3d 617, 622 (8th Cir.1997)*. Thus, we have endeavored to perform this function with respect to the newly submitted evidence. *Id.; Mackey v. Shalala, 47 F.3d 951, 953 (8th*

AO72A
(Rev. 8/82)

*Cir. 1995)*.

**Discussion:**

An individual is "disabled" under the Act if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A)*. The burden of establishing a compensable disability under the Act is initially on the claimant. See *Kerns v. Apfel, 160 F.3d 464, 466 (8th Cir.1998); Riley v. Shalala, 18 F.3d at 621 (quoting Bowen v. Yuckert, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987))*. However, the submission of the additional evidence to the Appeals Council complicates this analysis; thus, this court now turns to that additional evidence.

Here, the Appeals Council considered 51 additional pages of medical evidence before denying review on December 4, 2004 (T. 8-11, 328-379). The administrative record before the undersigned contains medical evidence, not previously included in the administrative record (T. 8-11, 328-379). This additional evidence reveals medical evidence of prescription medications used by Plaintiff which was not previously considered by the ALJ, because this information was not previously made available to the ALJ.

Notably, the ALJ specifically found that Plaintiff's "use of medications does not suggest the presence of an impairment which is more limiting than found within this decision[4]" (T. 22), Yet the additional evidence considered by the appeals counsel includes evidence of Plaintiff's

---

[4]The ALJ determined that Plaintiff has the residual functional capacity to perform a significant range of light work activity (T. 22, 24).

-6-

regularly prescribed pain medications and muscle relaxers not previously considered by the ALJ. During the course of his treatment, Plaintiff was prescribed a number of medications used for the treatment of pain and muscle spasms, such as: Vicodin; Valium; Biaxin; Cyclobenzapram; Mobic; Hydrocodone; Diazepam; Metronidazol; Skelaxin; Darvocet; Vioxx; Lorcet; Bextra; Norflex; Relafen; Phenazopyrid Plus; and Demerol (T. 379, 370, 369, 340, 339, 374, 377). However, the ALJ was not provided with that information, and therefore did not consider or discuss said information within his decision. The ALJ did not have the benefit of any of this information when he found that Plaintiff's allegations of pain were less than fully credible. Clearly, such additional information with regard to the medications prescribed and used by Plaintiff could reasonably cause the ALJ to reach a different conclusion. This evidence belies the ALJ's credibility findings and analysis of Plaintiff's medications. The ALJ's credibility findings and medication analysis must be reconsidered in view of the additional record evidence. In order to reach the same conclusion with respect to the ALJ's credibility findings as noted in the decision, the ALJ would be forced to disregard Plaintiff's numerous medications and the indications therefore. The evidence of record before the undersigned does not contain substantial evidence to support such disregard of the additional objective medical evidence considered by the Appeals Council. Therefore, the ALJ should have an opportunity to consider the additional evidence considered by the Appeals Council.

Likewise, within the decision, the ALJ also failed to consider or discuss evidence of record at the time of his decision. Within the ALJ's decision, there are statements or findings which are not supported by substantial evidence. In fact, some of the statements at issue are misstatements of the evidence. A thorough review of the entire administrative record and the

AO72A
(Rev. 8/82)

ALJ's decision, leaves the undersigned with the clear impression that critical evidence was simply overlooked or not considered by the ALJ. For example, when the ALJ makes reference to the 1998 MRI of Plaintiff's lumbar spine, the ALJ specifically states that Plaintiff "was treated conservatively with physical therapy and medications since surgery was not considered necessary" (T. 20). The evidence does not support the ALJ's summation of Plaintiff's condition or treatment. The evidence reflects that Dr. Charles Schock, a board certified orthopaedic surgeon, recommended that Plaintiff undergo surgical treatment based on the MRI of July 5, 1998 (T. 156, 99, 89). In his August 24, 1998 letter to Plaintiff's general practioner, Dr. David Chambers of the Cabun Clinic, Dr. Schock wrote:

> Today Ruby Bush was seen in the Arkansas Back Clinic. I appreciate very much your referring her here for further evaluation and treatment. She, as you know, is a 35 year old black female, who has had low back pain radiating into the left buttock and left lower extremity fo rhte past three months. It is getting worse lately. She had an MRI in July which shows left-sided disc herniation at L5-S1, impinging on the left S1 nerve root. She has no bowel or bladder complaints. (sic) She has had some physical therapy, which has not helped.
>
> X-rays of the lumbosacral spine show some narrowing at L5-S1.
>
> To examination, Ms. Bush bends forward to only about 50% of that expected, limited by low back pain radiating into the left buttock. She tends to keep the left hip and knee flexed. There is tenderness in the left sciatic notch. She heel and toe walked satsfactorily and the sitting position straight leg raising is possible on the right to 90 degrees and on the left to 80 degrees, limited by left sided sciatica, made worse on ankle dorsiflexion. There is hypesthesia and a strip on the left side that is corresponding to the S1 dermatome. Knee jerks are active and bilaterally equal and ankle jerks are 2+ on the right and 1+ on the left. There is some weakness of the everters on the left compared to the right, as well as some extensor hallucis longus weakness. The remainder of the motor testing is intact.
>
> My impression is one of HNP on the left at L5-S1 of three months duration, impinging on the left S1 nerve root. It **does not appear to me as though things are going to get any better** with continued considerable therapy and hence**, we**

AO72A
(Rev. 8/82)

**recommend laminectomy and discectomy on the left at L5-S1.**

(T. 99-100)(emphasis added).

Yet, the ALJ failed to mention Dr. Schock's treatment of Plaintiff or his opinion with respect to Plaintiff's unlikely potential to improve with conservative treatment. Because Dr. Schock is a board certified orthopedic surgeon, his is considered a specialist. Generally, more weight is give to the opinion of a specialist about medical issues related to the area of the specialty than to the opinion of a source who is not a specialist. *20 C.F.R. §§ 404.1527(d)(5)' 416.927(d)(5)*. His specialized opinion as to treatment of Plaintiff's herniated discs should have been considered by the ALJ, who had access to the opinion prior to rendering his decision.

Likewise, the ALJ failed to mention the consultative physical analysis performed by an independent physician at the request of the Disability Determination division of the Social Security Administration (T. 274-281). On April 16, 2001, Plaintiff underwent a general physical examination at the request of the State agency. The consultative physician found Plaintiff was unable was unable to stoop, bend, lift or sit for extended periods (T. 278). He also determined that Plaintiff was "unable to bend forward at all". The mere attempt to bend forward "reproduced" Plaintiff's lumbar muscle spasms (T. 278). Lastly, the consultative physician made the following findings: "able to speak, hear and handle objects; she is unable to sit or stand for long periods [of time, or], walk long distances, (sic) unable to lift heavy objects" (T. 281). This consultative examination and report thereof were performed and completed on April 16, 2001, over a year before the administrative hearing. The report was stamped as received on April 18, 2001. Likewise, the report was included in the administrative record which was available to the ALJ prior to rendering his decision. However, this report and the

-9-

findings therein are not mentioned in the ALJ's decision. This is error. While the findings of a consultative physician are not binding on the Commissioner, such findings can constitute substantial evidence. *Hight v. Shalala, 986 F. 2nd 1242, 1244 n.1 (8th Cir. 1991).*

### Conclusion:

Accordingly, based on the foregoing, the decision of the ALJ, denying benefits to the Plaintiff, is not supported by substantial evidence, and should be reversed. This is especially true in light of the additional evidence submitted to the Appeals Council, which was not before the ALJ when he rendered his decision. This matter should be remanded to the Commissioner, for further consideration consistent with this opinion.

ENTERED this 10th day of March, 2006.

/s/Bobby E. Shepherd
Honorable Bobby E. Shepherd
United States Magistrate Judge

AO72A
(Rev. 8/82)